IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| DAVID MARTINEZ,<br>　　　*Plaintiff* | §<br>§<br>§ | |
| -vs- | §<br>§ | SA-24-CV-00436-XR |
| FREDDY'S FROZEN CUSTARD, *et al.*<br>　　　*Defendants* | §<br>§<br>§ | |

### ORDER ON MOTION FOR LEAVE TO JOIN NON-DIVERSE DEFENDANTS

On this date, the Court considered Plaintiff's motion for leave to file an amended petition, joining eight, non-diverse corporate defendants (ECF No. 32). After careful consideration, the Court will **DENY** Plaintiff's motion.

### BACKGROUND

On May 6, 2021, Plaintiff David Martinez was eating a hamburger with co-workers at a Freddy's restaurant in San Antonio, when he bit into something hard and broke his tooth.

On May 1, 2023, Plaintiff commenced his original action in the 57th Judicial District Court of Bexar County, Texas styled *David Martinez v. Freddy's Frozen Custard & Steakburgers and K2D, Inc.*, representing that the amount in controversy was not more than $75,000.00. The original petition misnamed Freddy's, LLC ("Freddy's") as "Freddy's Frozen Custard & Steakburgers." The complaint named K2D, Inc.—the meat processor—as a defendant, but the state court granted K2D's MSJ on April 4, 2024.

On March 27, 2024, Plaintiff amended his petition stating that he has suffered damages in excess of $1,000,000. Based on this updated AIC, Freddy's removed the case to federal court on April 26, 2024.

Approximately two weeks before the deadline to amend pleadings or join parties, Plaintiff sought leave to file a Fourth Amended Complaint joining twenty-two "South Texas Custard Ltd." entities[1] as non-diverse defendants on July 23, 2024, and remand the case. *See* ECF Nos. 19, 16. The next day, the Court denied the motion, observing that Plaintiff had failed to: (1) attach briefing referenced in the motion, (2) properly identify the corporate form and citizenship of the South Texas Custard Defendants, and (3) to the extent that the amendment would defeat diversity jurisdiction, justify the joinder of the South Texas Custard Defendants in accordance with the factors set forth in *Hensgens v. Deere & Co.*, 833 F.2d 1179, 1181 (5th Cir. 1987).

After a status conference held on July 25, 2024, Plaintiff filed a memorandum in support of his motion to join the South Texas Custard Defendants addressing the *Hensgens* factors. *See* ECF No. 23. Then, on September 23, 2024, in accordance with an order to show cause, Plaintiff filed a renewed motion, ECF No. 32, and a proposed "Fifth Amended Complaint" joining eight corporate defendants and properly alleging their citizenship, *see* ECF No. 34.

Plaintiff seeks to join South Texas Custard #3, LTD ("STC 3"), and, in the alternative, seven other South Texas Custard entities—South Texas Custard #4, LTD, South Texas Custard #5, LTD, South Texas Custard #6, LTD, South Texas Custard #7, LTD, South Texas Custard #8, LTD, South Texas Custard #11, LTD, and South Texas Custard #13, LTD (together, the "Collective STCs")—because it is not clear whether the incident occurred in the Freddy's located at 5626 Blanco Road (operated by STC 3) or another Freddy's in San Antonio (operated by one or more of the Collective STCs). Plaintiff also seeks to join OberRoc, LLC, the general partner of

---

[1] South Texas Custard #1, LTD, South Texas Custard #2, LTD, South Texas Custard #3, LTD, South Texas Custard #4, LTD, South Texas Custard #5, LTD, South Texas Custard #6, LTD, South Texas Custard #7, LTD, South Texas Custard #8, LTD, South Texas Custard #9, LTD, South Texas Custard #10, LTD, South Texas Custard #11, LTD, South Texas Custard #12, LTD, South Texas Custard #13, LTD, South Texas Custard #14, LTD, South Texas Custard #15, LTD, South Texas Custard #16, LTD, South Texas Custard #17, LTD, South Texas Custard #18, LTD, South Texas Custard #19, LTD, South Texas Custard #20, LTD, South Texas Custard #21, LTD, and South Texas Custard #22, LTD.

STC 3 and the Collective STCs (together with STC 3 and the Collective STCs, the "Proposed Defendants").

Freddy's opposes the joinder, asserting that Plaintiff's claims against the Proposed Defendants are barred by the statute of limitations and otherwise untimely and unwarranted under the *Hensgens* factors. *See* ECF No. 24.[2]

## DISCUSSION

### I. Legal Standard

A party may remove an action from state court to federal court if the action is one over which the federal court possesses subject-matter jurisdiction. *See* 28 U.S.C. § 1441(a). Removal is proper in any case in which the federal court would have had original jurisdiction. *Id.* A federal court has jurisdiction over controversies involving disputes between citizens of different states where the amount in controversy exceeds $75,000. 28 U.S.C § 1332. When determining diversity jurisdiction, courts consider the citizenship of the parties and the amount in controversy as they existed at the time of removal. *Cavallini v. State Farm Mut. Auto Ins. Co.*, 44 F.3d 256, 264–65 (5th Cir. 1995). However, a post-removal joinder that adds a non-diverse party will destroy diversity and eliminate the subject-matter jurisdiction of the court. *See Hensgens*, 833 F.2d at 1181.

The Federal Rules of Civil Procedure permit liberal amendment of pleadings. Rule 15(a) provides that "a party may amend its pleading with . . . the court's leave" and that "[t]he court should freely give leave when justice so requires." FED. R. CIV. P. 15(a)(2). Although a district court should generally give a plaintiff at least one chance to amend under Rule 15(a), it is within the sound discretion of the district court to deny a motion to amend when amendment would be

---

[2] On August 22, 2024, Freddy's moved to designate STC 3 as a responsible third party. *See* ECF No. 27. The Court granted the motion as unopposed on September 8, in light of Plaintiff's failure to file a timely response. *See* ECF No. 29; WDTX Local Rule CV-7(d)(2).

futile. *See Legate v. Livingston*, 822 F.3d 207, 211 (5th Cir. 2016) (While "the language of [Rule 15(a)] evinces a bias in favor of granting leave to amend, . . . a district court need not grant a futile motion to amend.") (internal quotation marks and citations omitted).

A proposed amendment is futile if the complaint, as amended, would be subject to dismissal. *See Stripling v. Jordan Prod. Co.*, 234 F.3d 863, 872–73 (5th Cir. 2000). The Fifth Circuit has expressly held that amendments adding claims barred by the statute of limitations are futile. *See Whitt v. Stephens Cnty.*, 529 F.3d 278, 282 (5th Cir. 2008) (granting the plaintiff's motion for leave to add new defendants "would have been futile because the statute of limitations barred actions against the [new] defendants"); *see also Winzer v. Kaufman Cnty.*, 916 F.3d 464, 471 (5th Cir. 2019) (affirming district court's denial of the plaintiff's motion for leave to add new claims to the complaint because "those claims were futile as barred by the statute of limitations").

Moreover, although Rule 15(a) states that leave to amend "should be freely given when justice so requires" and Rule 20 permits joinder of parties, the Court is obligated to scrutinize the proposed amendment more closely than an amendment that does not destroy diversity. *See Hensgens*, 833 F.2d at 1182. The Court does this by balancing the interests of the defendant to maintain the federal forum with the plaintiff's competing interest of not having parallel lawsuits. *See id.* "[T]he balancing of these competing interests is not served by a rigid distinction of whether the proposed added party is an indispensable or permissive party." *Id.*

The Court looks at four factors to balance the competing interests: (1) the extent to which the purpose of the amendment is to defeat federal jurisdiction, (2) whether plaintiff has been dilatory in asking for the amendment, (3) whether plaintiff will be significantly injured if amendment is not allowed, and (4) any other factors bearing on the equities. *Id.* After examining these factors, the Court is to balance the equities of the case and use discretion to decide whether

4

to permit the amendment destroying diversity. *Id.* ("[T]he district court, when confronted with an amendment to add a nondiverse nonindispensable party, should use its discretion in deciding whether to allow that party to be added.").

## II. Analysis

While the *Hensgens* factors generally point in favor of granting Plaintiff's motion,[3] as Freddy's points out, the claims against the Proposed Defendants appear to be barred by Texas's

---

[3] Under *Hensgens*, the Court first considers "the extent to which the purpose of the amendment is to defeat federal jurisdiction." *Hensgens*, 833 F.2d at 1182. "When considering this first factor, courts take into account whether the plaintiff knew or should have known the identity of the non-diverse defendant when the state court complaint was filed." *Gallegos v. Safeco Ins. Co. of Ind.*, No. H–09–2777, 2009 WL 4730570, at *3 (S.D. Tex. Dec. 7, 2009) (internal quotations omitted). Freddy's points to the fact that it sought to designate STC 3 as a third-party in state court December 20, 2023 (ECF No. 2-1) as evidence that Plaintiff was aware of the identity of the Proposed Defendants by the time he filed his Third Amended Petition in state court in March 2024. Plaintiff argues that it is not clear whether the incident occurred in the Freddy's located at 5626 Blanco Road (operated by STC 3) or another Freddy's in San Antonio (operated by one or more of the Collective STCs). Plaintiff's assertion that it is unclear where his tooth was broken is baffling. This first factor weighs against joinder.

Plaintiff's request is timely in the context of the post-removal proceedings before this Court. Plaintiff filed his initial motion for leave to join the Proposed Defendants two weeks before the deadline to amend pleadings or join parties under the scheduling order. *See* ECF No. 16. Although a scheduling order had already been issued by the time Plaintiff filed his motion to join the Proposed Defendants, based on the deadlines set forth in the operative scheduling order, it appears that "no significant activity beyond the pleading stage has occurred" in federal court. *Boyce v. CitiMortgage, Inc.*, 992 F. Supp. 2d 709, 720 (W.D. Tex. 2014). Thus, the second factor weighs in favor of permitting the amendment.

Aside from the statute-of-limitations argument, the third *Hensgens* factor—"whether plaintiff will be significantly injured if amendment is not allowed," 833 F.2d at 1182—would likewise counsel in favor of granting the amendment. In analyzing this factor, courts look to "whether a plaintiff can be afforded complete relief in the absence of the amendment." *Anzures v. Prologis Texas I LLC*, 886 F. Supp. 2d 555, 565 (W.D. Tex. 2012) (quoting *Lowe v. Singh*, No. H–10–1811, 2010 WL 3359525, at *3 (S.D. Tex. Aug. 23, 2010)). Courts also look to "whether the plaintiff will be forced to litigate their action against the non-diverse defendants in a different court system, on a different timetable, subject to different procedural rules and conflicting results, and under the weight of additional financial burden." *Adley/Vandling, Ltd. v. Am. First Ins. Co.*, No. A–11–CV-1007–LY, 2012 WL 534838, at *4 (W.D. Tex. Feb. 17, 2012) (citing *Lowe*, 2010 WL 3359525, at *2).

Because the Proposed Defendants are non-diverse, if Plaintiff is denied leave to amend and chooses to proceed with his claims against them, he will be forced to do so in a Texas state court. In other words, Plaintiff will be required to litigate separate claims in separate forums—on different timetables, under different procedural rules, and with potentially conflicting results—arising out of the same set of facts. These additional burdens and legal expenses would generally prejudice Plaintiff and waste judicial resources. *See Brown v. M & N Eaves*, No. 4:21-CV-959-KPJ, 2023 WL 2401571, at *7 (E.D. Tex. Mar. 7, 2023) ("[D]enying Plaintiff leave to add Bejar would raise the specter that inconsistent relief would be present in parallel proceedings in state and federal court as to the same facts and claims with a disadvantage of an 'empty-chair' defense in both."); *cf. Am. Legend Homes v. Navigators Specialty Ins. Co.*, No. 4:19-CV-00035, 2019 WL 5721634, at *5 (E.D. Tex. Nov. 5, 2019) (observing that the possibility of parallel state court proceedings is "likely to be present whenever a plaintiff seeks to add a nondiverse defendant"). At the very least, Defendant's designation of STC 3 as a responsible third party suggests that Plaintiff might recover against STC 3 in a separate action in state court. *See* ECF No. 27.

two year-statute of limitations. *See* ECF No. 24 at 6–7. In Texas, "a person must bring suit for . . . personal injury . . . not later than two years after the day the cause of action accrues." TEX. CIV. PRAC. & REM. CODE § 16.003(a). Plaintiff's operative pleading—his Third Amended Petition— alleges that his injuries occurred on May 6, 2021. *See* ECF No. 2-20 ¶ 4.1. Thus, he was required to file suit no later than May 6, 2023.

Where strict application of the statute of limitations would be inequitable, a plaintiff's claims may be preserved by the doctrine of equitable tolling. *Lambert v. United States*, 44 F.3d 296, 298 (5th Cir. 1995). A plaintiff seeking leave to amend to name a defendant in place of a John Doe defendant may be able to show that limitations has been equitably tolled. *Green v. Doe*, 260 F. App'x 717 (5th Cir. 2007) (finding limitations period to be equitably tolled by district court's abuse of discretion in denying plaintiff's discovery motions). To be entitled to equitable tolling, the plaintiff must have diligently sought to discover the identity of the unknown defendant and amend the complaint. *Id.* at 719. Neither excusable neglect nor ignorance of the law is sufficient to justify equitable tolling of limitations. *See Whitt v. Stephens County*, 529 F.3d 278, 283 n.7 (5th Cir. 2008) (delay in amending complaint to name John Doe defendants caused by counsel's incapacitating medical condition and hospitalization was insufficient for equitable tolling).

Here, Plaintiff fails to provide any explanation for his failure to identify and join the Proposed Defendants before May 6, 2023, let alone offer evidence that he diligently sought to discover their identity during that time. Rather, he simply asserts, without identifying any supporting documents in the state-court record that:

> Plaintiff attempted to amend his Petition in Bexar County to add the necessary parties, as indicated by Freddy's LLC, but was denied an opportunity to do so due to allegations that Plaintiff intentionally and specifically failed to amend Plaintiff's petition out of Federal Court. While it is true, that Plaintiff believes this case belongs in Bexar County, a delay

> in the amendment of the Petition was due to the fact that Plaintiff was obtaining all necessary and proper parties to proceed accordingly.

ECF No. 26 at 4. This vague explanation is insufficient to justify equitable tolling of the statute of limitations. *See also* ECF No. 24 at 2 (Freddy's response to Plaintiff's motion, pointing out that the ownership information of the restaurant at issue is publicly available through the Bexar County Appraisal District website).

Because equitable tolling is not warranted under these circumstances, the Court concludes that granting Plaintiff's motion for leave to file an amended complaint adding claims against the Proposed Defendants would be futile because the claims against them are time-barred by the applicable statute of limitations under Texas law.

## CONCLUSION

Plaintiff's motion for leave to file his Fifth Amended Complaint (ECF No. 32) is **DENIED**.

Plaintiff's Fifth Amended Complaint (ECF No. 34) is **STRICKEN**. The operative pleading is Plaintiff's Third Amended Petition (ECF No. 2-20), and the Court will retain jurisdiction over this case.

It is so **ORDERED**.

**SIGNED** October 25, 2024.

XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE